UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER OLIVER,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>LANAE BECERAA,<br><br>　　　　　　　　　　　Defendant. | Case No.: 3:16-cv-3016-LAB-PCL<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a); AND**<br><br>**(2) SUA SPONTE DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)** |

Christopher Oliver ("Plaintiff"), a former state inmate, has filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff alleges that Defendant, his probation officer, has violated his Fourth Amendment rights by conducting an illegal search and has discriminated against him based on his disabilities. (*Id.* at 10-11.) Plaintiff seeks 1.5 million dollars in compensatory damages and 3 million dollars in punitive damages. (*Id.* at 7.)

/ / /

/ / /

Plaintiff has not paid the civil filing fees required by 28 U.S.C. § 1914(a) to commence a civil action; instead he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  (ECF No. 2.)

## I. Proper Parties

As an initial matter, the Court finds that while Plaintiff appears to bring claims on behalf of his Mother, only Plaintiff has signed the Complaint, and only he has requested leave to proceed IFP.  Pro se litigants have no authority to represent anyone other than themselves; therefore, they lack the representative capacity to file motions and other documents on behalf of other persons. *See Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself.'" (quoting *Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)).  "Although a non-attorney may appear in propria persona in his own behalf, that privilege is personal to him." *Id*. (citations omitted); see also Fed.R.Civ.P. 11(a) ("[I]f the party is not represented by an attorney, [every written motion and other paper] shall be signed by the party."). Thus, because only Plaintiff, a non-attorney proceeding pro se, has signed the Complaint, and only Plaintiff has requested IFP status, he is the only proper Plaintiff in this case. Purported claims by anyone else, including Plaintiff's Mother, are therefore DISMISSED from this action.

## II. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. See 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).

However, "[u]nlike other indigent litigants, prisoners proceeding IFP must pay the full amount of filing fees in civil actions and appeals pursuant to the PLRA [Prison Litigation Reform Act]." *Agyeman v. INS*, 296 F.3d 871, 886 (9th Cir. 2002).  As defined by the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is

accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

Because Plaintiff is not a "prisoner" as defined by 28 U.S.C. § 1915(h), the filing fee provisions of 28 U.S.C. § 1915(b) do not apply to this case. Therefore, the Court has reviewed Plaintiff's affidavit of assets, just as it would for any other non-prisoner litigant seeking IFP status, and finds it is sufficient to show that he is unable to pay the fees or post securities required to maintain a civil action. *See* S.D. Cal. CivLR 3.2(d).

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

**III.   Sua Sponte Screening per 28 U.S.C. § 1915(e)(2)**

   **A.   Standard of Review**

A complaint filed by any person proceeding IFP is subject to sua sponte dismissal, however, if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. The "mere

1  possibility of misconduct" falls short of meeting this plausibility standard. Id.; *see also*
2  *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

3  "When there are well-pleaded factual allegations, a court should assume their
4  veracity, and then determine whether they plausibly give rise to an entitlement to relief."
5  *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)
6  ("[W]hen determining whether a complaint states a claim, a court must accept as true all
7  allegations of material fact and must construe those facts in the light most favorable to
8  the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that
9  § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

10  However, while the court "ha[s] an obligation where the petitioner is pro se,
11  particularly in civil rights cases, to construe the pleadings liberally and to afford the
12  petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir.
13  2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not
14  "supply essential elements of claims that were not initially pled." *Ivey v. Board of*
15  *Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

16  Section 1983 imposes two essential proof requirements upon a claimant: (1) that a
17  person acting under color of state law committed the conduct at issue, and (2) that the
18  conduct deprived the claimant of some right, privilege, or immunity protected by the
19  Constitution or laws of the United States.  *See* 42 U.S.C. § 1983*; Nelson v. Campbell*,
20  541 U.S. 637, 124 S. Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354
21  (9th Cir. 1985) (en banc).

**B.     Fourth Amendment claims**

23  Plaintiff alleges that he was subjected to an "unlawful search" by Defendant
24  Beceraa who is his probation officer on March 25, 2016.  (Compl. at 8, 10.)  Plaintiff was
25  residing with his Mother and he claims that Defendant Beceraa had no right to search
26  beyond the "common area" of his home.  (*Id.* at 8.)  Plaintiff maintains that this search
27  violated his Fourth Amendment rights because he claims that Defendant Beceraa did not
28  "show an arrest warrant for my arrest."  (*Id.* at 10.)

Plaintiff attaches as an exhibit to his Complaint his "Order Granting Formal Probation" which contains, among other information, the conditions for his probation. (*Id.* at 13, Ex. A, "Order Granting Formal Probation.")   One of the conditions that Plaintiff was subjected to includes an agreement by Plaintiff to "[s]ubmit person, vehicle, residence, property, personal effects, computers, and recordable media to search at any time with or without a warrant, and with or without reasonable cause, when required by P.O. or law enforcement officer." (*Id.* at 14.)

The Fourth Amendment governs the reasonableness of government searches and seizures.  *See* U.S. Const., amend. IV ("The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . but upon probable cause ..."). "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, [and] not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 273 (1994), quoting *Graham v. Connor*, 490 U.S. 386, 394 (1989); *see also United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997).[1]

As stated above, Plaintiff has submitted an exhibit that indicates he accepted a condition of probation that allows for a suspicionless search of his residence or vehicle. (*See* Pl.'s Ex. A., ECF No. 1 at 14.)  In *Samson v. California*, the United States Supreme Court held that a similar condition for a parolee did not violate the Fourth Amendment but the Supreme Court also found that a probationer has a greater right to privacy than a parolee. *See Samson v. California*, 547 U.S. 843, 850 (2006).  The Ninth Circuit addressed the issue of this probation condition in *United States v. King,* 736 F.3d 805 (9th Cir. 2013) but expressly limited their holding to probationers who had been convicted of a violent felony.  Specifically, the Ninth Circuit held that "a suspicionless search,

---

[1] Plaintiff seeks to bring identical claims under the Eighth and Fourteenth Amendments.  However, the Court finds that Plaintiff's claims arise under the Fourth Amendment.  *See Albright*, 510 U.S. at 273.

conducted pursuant to a suspicionless-search condition of a violent felon's probation agreement, does not violate the Fourth Amendment." *Id.* at 810. Here, Plaintiff fails to allege whether he had been convicted of a violent or non-violent crime and thus, at this stage of the proceedings, the Court cannot find that Plaintiff has stated a Fourth Amendment claim.

### C. Americans with Disabilities Act ("ADA")

Plaintiff alleges that Defendant Beceraa violated his rights under the ADA. In order to state a claim under Title II of the ADA, however, a plaintiff must allege:

> (1) he 'is an individual with a disability;' (2) he 'is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;' (3) he 'was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;' and (4) 'such exclusion, denial of benefits, or discrimination was by reason of [his] disability.'

*O'Guinn v. Lovelock Correctional Center*, 502 F.3d 1056, 1060 (9th Cir. 2007) (citing *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004) (quoting *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002) (per curiam)).

While Plaintiff may be ultimately able to state an ADA claim if he named a public entity as a Defendant, Plaintiff may not pursue an ADA claim against Defendant Beceraa, however, because there is no individual liability under Title II. *See Heinke v. County of Tehama Sheriff's Dept.*, No. CVI S-12-2433 LKK/KJN, 2013 WL 3992407, at *7 (E.D. Cal. Aug.1, 2013). The ADA's definition of "public entity" does not include individuals. *See Hardwick v. Curtis Trailers, Inc.*, 896 F. Supp. 1037, 1038-39 (D. Or. 1995) (individual liability is precluded under ADA Title II) (citing *Miller v. Maxwell's Intern., Inc.*, 991 F.2d 583 (9th Cir. 1993))

For these reasons, Plaintiff's Complaint fails to state an ADA claim upon which relief can be granted.

/ / /

### D. Leave to Amend

Because Plaintiff is proceeding without counsel, and he has now been provided with notice of his Complaint's deficiencies, the Court will grant him leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

## IV. Conclusion and Order

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2).

2. **DISMISSES** Plaintiff's Complaint (ECF No. 5) for failing to state a claim upon which § 1983 relief can pursuant to 28 U.S.C. § 1915(e)(2)(B).

3. **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading, and must comply with S.D. CAL. CIVLR 8.2(a).

Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

IT IS SO ORDERED.

Dated: March 9, 2016

Hon. Larry Alan Burns
United States District Judge