UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER OLIVER,<br><br>        Plaintiff,<br><br>v.<br><br>LANAE BECERAA,<br><br>        Defendant. | Case No.: 3:16-cv-3016-LAB-PCL<br><br>**ORDER SUA SPONTE DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)** |

**I. Procedural History**

On December 9, 2016, Christopher Oliver ("Plaintiff"), a former state inmate, filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983, along with a Motion to Proceed *in forma pauperis* ("IFP"). (ECF Nos. 1, 2.) Plaintiff alleged that Defendant, his parole officer, has violated his Fourth Amendment rights by conducting an illegal search and has discriminated against him based on his disabilities. *See* Compl. at 10-11. Plaintiff sought 1.5 million dollars in compensatory damages and 3 million dollars in punitive damages. (*Id.* at 7.)

On March 9, 2017, Court granted Plaintiff's Motion to Proceed IFP but sua sponte dismissed his Complaint for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2). (ECF No. 3.) Plaintiff was given forty-five (45) days leave to file an amended pleading to correct the deficiencies of pleading identified in the Court's Order. (*Id.*)

On July 28, 2017, although untimely, the Court accepted Plaintiff's First Amended Complaint ("FAC") for filing. (ECF No. 7.) In Plaintiff's FAC, he claims Defendant Beceraa violated his Fourth and Fourteenth Amendment rights when she allegedly searched his home on March 25, 2016. (*Id.* at 3.) Plaintiff seeks injunctive relief along with 1.5 million dollars in compensatory damages and 3 million dollars in punitive damages. (*Id.* at 6.)

## II. Sua Sponte Screening per 28 U.S.C. § 1915(e)(2)

### A. Standard of Review

As the Court stated in the previous Order, a complaint filed by any person proceeding IFP is subject to sua sponte dismissal if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires

2

3:16-cv-3016-LAB-PCL

the reviewing court to draw on its judicial experience and common sense." Id. The "mere possibility of misconduct" falls short of meeting this plausibility standard. Id.; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff.").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983*; Nelson v. Campbell*, 541 U.S. 637, 124 S. Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

**B.     Fourth Amendment claims**

Plaintiff alleges that on March 25, 2016, Defendant Beceraa, his parole officer, "came to [his] place to do a house search." (FAC at 3.) He further claims that he was "asleep at the time" and she "never" gave him notice that she was his parole officer. (*Id.*) Plaintiff maintains that he was awaken by "three parole officers standing over" him. (*Id.*) Plaintiff asked how she was able to enter his home and she informed him that she obtained a key from the "front offices." (*Id.*)

Unlike his original Complaint, Plaintiff attaches no exhibits to his FAC. However, court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452–MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

Accordingly, the Court will take judicial notice of the exhibits that Plaintiff attached to his original Complaint. Specifically, Plaintiff attached an exhibit to his original Complaint titled "Order Granting Formal Probation" which contains, among other information, the conditions for his probation. *See Compl.* at 13, Ex. A, "Order Granting Formal Probation." One of the conditions that Plaintiff was subjected to includes an agreement by Plaintiff to "[s]ubmit person, vehicle, residence, property, personal effects, computers, and recordable media to search at any time with or without a warrant, and with or without reasonable cause, when required by P.O. or law enforcement officer." (*Id.* at 14.)

The Fourth Amendment governs the reasonableness of government searches and seizures. *See* U.S. Const., amend. IV ("The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . but upon probable cause ..."). "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, [and] not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 273 (1994), quoting *Graham v. Connor*, 490 U.S. 386, 394 (1989); *see also United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997).

/ / /

Here, Plaintiff purports to bring a claim under both the Fourth and Fourteenth Amendments but alleges the same set of facts for both claims. *See* FAC at 3. However, the Court finds that Plaintiff's claims arise under the Fourth Amendment only. *See Albright*, 510 U.S. at 273.

As stated above, Plaintiff has submitted an exhibit that indicates he accepted a condition of probation that allows for a suspicionless search of his residence or vehicle. *See* Pl.'s Ex. A., ECF No. 1 at 14. In *Samson v. California*, the United States Supreme Court held that a similar condition for a parolee did not violate the Fourth Amendment but the Supreme Court also found that a probationer has a greater right to privacy than a parolee. *See Samson v. California*, 547 U.S. 843, 850 (2006). The Ninth Circuit addressed the issue of this probation condition in *United States v. King,* 736 F.3d 805 (9th Cir. 2013) but expressly limited their holding to probationers who had been convicted of a violent felony. Specifically, the Ninth Circuit held that "a suspicionless search, conducted pursuant to a suspicionless-search condition of a violent felon's probation agreement, does not violate the Fourth Amendment." *Id.* at 810. Here, Plaintiff again fails to allege whether he had been convicted of a violent or non-violent crime and thus, at this stage of the proceedings, the Court cannot find that Plaintiff has stated a Fourth Amendment claim.

Because the Plaintiff did not heed the instructions in the Court's previous Order to identify whether he had been convicted of a violent or non-violent crime, the Court again takes judicial notice of the exhibit attached to Plaintiff's Complaint. In the order granting Plaintiff probation it indicates that he was convicted of California Penal Code § 245(a)(4). *See* Pl.'s Ex. A., ECF No. 1 at 14. Section 245(a)(4) is a felony and states, in part, that "any person who commits an assault upon the person of another by any means of force likely to produce great bodily injury shall be punished by imprisonment." Cal. Penal Code § 245(a)(4). Thus, it is unlikely Plaintiff would be able to amend his pleading to allege that he was convicted of a non-violent crime.

///

## III. Conclusion

Good cause appearing, the Court:

1. **DISMISSES** Plaintiff's First Amended Complaint for failing to state a claim upon which § 1983 relief can granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B). Because the Court finds further amendment futile, leave to amend is **DENIED**. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile).

3. The Court further CERTIFIES that an IFP appeal from this Order of dismissal would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

Dated: August 3, 2017

Hon. Larry Alan Burns
United States District Judge